IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:13cv945-MEF |
| ) | (WO) |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER

On December 26, 2013, *pro se* plaintiff Shirley Williams ("Williams"), filed this action against defendant Chase Home Finance, LLC, alleging that her constitutional rights were violated and she was denied due process when the defendant foreclosed on her home. Based upon its independent review of the complaint,[1] the court concludes that the interests of justice require this case be transferred to the United States District Court for Northern District of Alabama.

## DISCUSSION

In her *pro se* complaint, Williams alleges that the alleged illegal and unconstitutional actions occurred during the foreclosure of her home in Birmingham, Alabama, which is located in the Northern District of Alabama. Transfer of this case is proper pursuant to 28 U.S.C. § 1406(a), which provides:

---

[1] The complaint filed in this court was on a form for filing petitions for writ of mandamus in the Supreme Court of Alabama. Notwithstanding the form used by the plaintiff, during a proceeding held on February 4, 2014, before a United States Magistrate Judge, she confirmed that she meant to file her complaint in a federal court.

>(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the case at bar, there is no question that venue is proper in the Northern District of Alabama. All the actions about which Williams complains are alleged to have occurred in Northern District of Alabama. It appears that most, if not all, the witnesses that would be knowledgeable about this case are located in the Northern District of Alabama. None of the complained of events are alleged to have occurred in the Middle District of Alabama and none of the witnesses appear to be located in the Middle District of Alabama. The plaintiff does not appear to have any connection to the Middle District of Alabama.

The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case. *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991); *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D.Ala. 1996). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing [her] case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

**CONCLUSION**

Therefore, because the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama, and there is no question that venue would

be proper in the Northern District of Alabama, the court concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Alabama for hearing and determination.

Accordingly, it is hereby

ORDERED that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406.

Done this the 11th day of February, 2014.

                                          /s/ Mark E. Fuller  
                                  MARK E. FULLER  
                                  UNITED STATES DISTRICT JUDGE